UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA LYNCH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13200** |
| **FLUOR FEDERAL PETROLEUM OPERATIONS, LLC, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

In this litigation, Plaintiff Barbara Lynch ("Lynch") alleges that she experienced harassment and discrimination while employed by Fluor Federal Petroleum Operations, LLC ("FFPO"), which Lynch alleges ultimately resulted in the wrongful termination of her employment on July 31, 2019.[1] Before the Court is Defendant Stacie Davenport's ("Davenport") "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim."[2] In the motion, Davenport argues that she cannot be held liable because all of the claims against her arise out of the course and scope of her employment with FFPO.[3] Lynch opposes the motion.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

---

[1] Rec. Docs. 1, 6.

[2] Rec. Doc. 28.

[3] Rec. Doc. 28-1 at 1.

[4] Rec. Doc. 30.

1

### I. Background

On October 18, 2019, Lynch filed a Complaint in this Court naming as defendants FFPO, Davenport, and Scott Sclafani ("Sclafani") (collectively, "Defendants").[5] On October 26, 2019, Lynch filed an Amended Complaint against Defendants.[6] In the Amended Complaint, Lynch alleges that she is a 49-year-old African American female who was previously employed by FFPO as a Procurement Contract Technician.[7] Lynch alleges that her employment was terminated on July 31, 2019, for violations of the FFPO Workplace Violence Prevention Procedure and Code of Business Conduct and Ethics.[8]

In the Amended Complaint, Lynch brings claims against Sclafani for sexual harassment ("Count 1") and battery ("Count 2").[9] Lynch alleges that "around her fifth week at work, Sclafani began to appear in her work area unnecessarily about 1-2 times/week."[10] Lynch asserts that Sclafani would attempt to engage in non-work related conversation, stand uncomfortably close to her, and sometimes touch her shoulder.[11] On February 21, 2019, Lynch alleges that Sclafani trapped Lynch in a co-worker's cubicle and forcibly massaged her shoulder.[12] Lynch asserts that

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 6.

[7] *Id*. at 1.

[8] *Id*. at 2.

[9] *Id*. at 4–5.

[10] *Id*. at 4.

[11] *Id*.

[12] *Id*.

Sclafani blocked the cubicle doorway by extending his arms across it, and she had to duck under his arm to leave.[13]

Lynch also brings a claim against FFPO for race discrimination ("Count 3").[14] Lynch alleges that another co-worker, Angela Keller, displayed racial animus to Lynch by excluding Lynch from work functions, reducing her workload, and excluding her from performing certain work.[15] Lynch alleges that on December 6, 2018, Ms. Keller called Lynch a "n***er."[16] Lynch also alleges that on July 22, 2019, Sclafani called her a "black b***h."[17]

Lynch also brings claims against FFPO, Sclafani, and Davenport for "retaliatory harassment" and "age harassment" ("Count 4").[18] Lynch alleges that on February 22, 2019, she informed her supervisor, Jorge Perez ("Perez"), of Sclafani's conduct that had occurred the day before.[19] From this point forward, Lynch alleges that Sclafani, Davenport, and the rest of her work group began to treat Lynch differently.[20] Lynch alleges that when co-workers saw her "in the hallway they would grab the walls and press themselves against the walls."[21] According to the Amended Complaint, on March 14, 2019, Sclafani passed by Lynch's cubicle and warned Lynch,

---

[13] *Id*. at 4–5.

[14] *Id*. at 5–12.

[15] *Id*.

[16] *Id*. at 8.

[17] *Id*.

[18] *Id*. at 12–20.

[19] *Id*. at 12.

[20] *Id*. at 13.

[21] *Id*. at 14.

"You cannot hide from me. You better be scared of me. You can't run from me."[22] Lynch asserts that she was moved to a cubical further away from Sclafani.[23] Lynch alleges that on May 14, 2019, Perez told Lynch directly: "I think the group is not ready for someone who looks like you and me. I think that's why you are being mistreated."[24] Lynch asserts that she "found a photograph of an old gray-haired lady on her desk" on March 21, 2019.[25] Lynch alleges that a similar photograph was left in or near her cubicle on several occasions.[26] Additionally, Lynch alleges that she later found a soiled bandage on the floor in her cubicle.[27] Lynch states that she "interpreted this as a suggestion that she was unclean and a threat that she might be injured and need a bandage."[28] Lynch alleges that she complained to her superiors at FFPO about the harassment by Sclafani and Davenport on several occasions.[29] According to the Amended Complaint, "[a]fter each complaint the known harassment by Sclafani and Ms. Davenport remained about the same, but the general office mistreatment would get worse."[30]

Lynch alleges that on July 30, 2019, she and Davenport got into a verbal altercation.[31] During the incident, Lynch alleges that "Davenport rushed back to Lynch's cubicle, pushed her

---

[22] *Id*.

[23] *Id*. at 15.

[24] *Id*.

[25] *Id*. at 17.

[26] *Id*.

[27] *Id*.

[28] *Id*.

[29] *Id*. at 19.

[30] *Id*.

[31] *Id*. at 18–19.

twice on the chin, grabbed her by the neck and hair and threw Lynch on her left side to the floor where she proceeded to mash her face with the palm of her hand and to scratch at her face with her fingertips (which lacked nails)."[32] Lynch alleges that this conduct by Davenport constituted a battery ("Count 5").[33]

Lynch alleges that her employment was terminated on July 31, 2019, for violations of the workplace rules against fighting.[34] Lynch contends that her termination was caused by FFPO's "failure to take effective remedial action against the retaliatory harassment which culminated in the attack by Ms. Davenport making the termination a product of the harassment and therefore wrongful."[35] Therefore, Lynch brings a claim against FFPO for "wrongful termination" ("Count 6").[36]

On April 13, 2020, FFPO and Sclafani filed an Answer to the Amended Complaint.[37] In the Answer, FFPO and Sclafani "admit that FFPO is the Management and Operating Contractor for the Strategic Petroleum Reserve under a prime contract with the United States Department of Energy, that its headquarters is in New Orleans, and that it employs more than 500 employees."[38] Therefore, all parties appear to agree that Davenport and Lynch were employees of an independent contractor of the federal government.

---

[32] *Id*. at 19.

[33] *Id*. at 19–20. The alleged battery is incorrectly labeled Count 4 in the Amended Complaint.

[34] *Id*. at 20.

[35] *Id*.

[36] *Id*. The alleged wrongful termination is incorrectly labeled Count 5 in the Amended Complaint.

[37] Rec. Doc. 31.

[38] *Id*. at 2.

On March 31, 2020, Davenport, proceeding *pro se*, filed the instant "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim."[39] On April 6, 2020, Lynch filed an opposition to the motion.[40]

## II. Parties' Arguments

### A.     *Davenport's Arguments in Support of the Motion*

Davenport moves the Court to dismiss all claims pending against her.[41] Davenport contends that at all times she was acting in the course and scope of her employment with FFPO.[42] Because the alleged dispute between Lynch and Davenport occurred at the workplace during working hours, Davenport asserts that Lynch's recovery is limited to worker's compensation.[43] Davenport contends that "an accident occurs 'in the course of employment' when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at other places where employment activities take the employee."[44] Davenport contends that the time, place, and employment activity factors are satisfied here.[45] Therefore, Davenport argues that Lynch's claims are limited to worker's compensation.[46]

---

[39] Rec. Doc. 28.

[40] Rec. Doc. 30.

[41] Rec. Doc. 28-1 at 1.

[42] *Id*.

[43] *Id*. at 2.

[44] *Id*. at 4 (citing *Mundy v. Dep't of Health & Human Res.*, 593 So. 2d 346, 349 (La. 1992)).

[45] *Id*.

[46] *Id*.

6

Additionally, Davenport notes that Lynch does not allege that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged workplace harassment.[47] Accordingly, Davenport contends that all claims pending against her should be dismissed.[48]

### B.     *Lynch's Arguments in Opposition to the Motion*

In opposition, Lynch acknowledges that the Federal Employees Compensation Act ("FECA") limits a federal employee's remedies against a federal employer to compensation.[49] However, Lynch asserts that FECA does not limit a federal employee's remedies against third parties.[50] Therefore, Lynch contends that the motion to dismiss should be denied.[51]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[52] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[53] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[54]

---

[47] *Id*. at 3.

[48] *Id*. at 4.

[49] Rec. Doc. 30 at 1.

[50] *Id*. at 1–2 (citing *Salazar v Balesteros*, 17 F. App'x 129, 131 (4th Cir 2001); *Noble v. United States*, 216 F.3d 1229, 1234 (11th Cir. 2000); *Benton v United States*, 960 F.2d 19, 21 (5th Cir 1992); *Heathcoat v. Potts*, 790 F.2d 1540, 1543 (11th Cir. 1986)).

[51] *Id*. at 2.

[52] Fed. R. Civ. P. 12(b)(6).

[53] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[54] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

7

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[55] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[56] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[57]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[58] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[59] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[60] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[61]

## IV. Analysis

Because the alleged dispute between Lynch and Davenport occurred at the workplace during working hours, Davenport asserts that Lynch's recovery is limited to worker's

---

(2007)) (internal quotation marks omitted).

[55] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[56] *Iqbal*, 556 U.S. at 678.

[57] *Id*.

[58] *Id*. at 677–78.

[59] *Id*. at 679.

[60] *Id*. at 678.

[61] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

compensation.[62] In opposition, Lynch acknowledges that FECA limits a federal employee's remedies against a federal employer to compensation.[63] However, Lynch asserts that FECA does not limit the employee's remedies against third parties.[64]

"FECA provides compensation for a federal employee's personal injuries 'sustained while in the performance of his duty.'"[65] FECA is a worker's compensation statute applicable to federal employees.[66] FECA does not provide worker's compensation coverage to independent contractors of the federal government, nor does it bar a federal employee from seeking recovery from an independent contractor of the federal government.[67]

---

[62] Rec. Doc. 28-1 at 2.

[63] Rec. Doc. 30 at 1.

[64] *Id*. at 1–2 (citing *Salazar*, 17 F. App'x at 131; *Noble*, 216 F.3d at 1234; *Benton*, 960 F.2d at 21; *Heathcoat*, 790 F.2d at 1543).

[65] *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) (quoting 5 U.S.C. § 8102(a)).

[66] *Id*. ("Like workers' compensation statutes generally, "[FECA] is intended to serve as a substitute rather than a supplement for the tort suit."). 5 U.S.C. § 8101(1) defines a federal employee as:
(A) a civil officer or employee in any branch of the Government of the United States, including an officer or employee of an instrumentality wholly owned by the United States;
(B) an individual rendering personal service to the United States similar to the service of a civil officer or employee of the United States, without pay or for nominal pay, when a statute authorizes the acceptance or use of the service, or authorizes payment of travel or other expenses of the individual;
(C) an individual, other than an independent contractor or an individual employed by an independent contractor, employed on the Menominee Indian Reservation in Wisconsin in operations conducted under a statute relating to tribal timber and logging operations on that reservation;
(D) an individual employed by the government of the District of Columbia;
(E) an individual appointed to a position on the office staff of a former President under section 1(b) of the Act of August 25, 1958 (72 Stat. 838);
(F) an individual selected pursuant to chapter 121 of title 28, and serving as a petit or grand juror; and
(G) an individual who is a System member of the National Urban Search and Rescue Response System during a period of appointment into Federal service pursuant to section 327 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

[67] *Ezekiel v. Michel*, 66 F.3d 894, 898–99 (7th Cir. 1995).

9

At the time of the incidents at issue in this case, Lynch and Davenport were employed by FFPO.[68] FFPO is "the Management and Operating Contractor for the Strategic Petroleum Reserve under a prime contract with the United States Department of Energy."[69] Based on the allegations in the pleadings, Lynch and Davenport were employees of FFPO, an independent contractor of the federal government; they were not federal employees. Accordingly, FECA does not bar Lynch's recovery in this matter.

In the *pro se* motion, Davenport argues that Lynch's tort claims are barred by the Louisiana Workers' Compensation Act.[70] Lynch does not respond to this argument.[71] Nevertheless, Davenport's argument is without merit. Pursuant to Louisiana Revised Statute § 23:1032(B), an employee who is injured as a result of an intentional act by a co-employee is not limited to workers' compensation and may pursue a tort remedy against that co-employee.[72]

Lynch brings claims against Davenport for battery and harassment. Battery is an intentional tort under Louisiana law.[73] Similarly, harassment can be an intentional tort "not within the purview of the state workers' compensation law."[74] Therefore, Lynch's state law battery and harassment

---

[68] *Id*.

[69] Rec. Doc. 31 at 2. *See also* Rec. Doc. 6 at 1 ("FFPO's New Orleans office is the central office for the management of the Strategic Petroleum Reserve (SPR) under contract with the US Department of Energy.").

[70] Rec. Doc. 28-1 at 4 (citing *Mundy*, 593 So. 2d at 349).

[71] Rec. Doc. 30.

[72] *Villa v. Derouen*, 614 So. 2d 714, 716 (La. Ct. App. 1993) (citing La. Rev. Stat. § 23:1032(B)).

[73] *Id*. *See also Cariere v. The Kroger Store*, 50,637 (La. App. 2 Cir. 11/16/16); 208 So. 3d 987, 990 ("The intentional tort of battery is a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact.").

[74] *Morris & Dickson Co. v. Killingworth*, 36,117 (La. App. 2 Cir. 10/4/02); 830 So. 2d 332, 334. *See also Attardo v. Brocato*, 96-1170 (La. App. 4 Cir. 2/5/97); 688 So. 2d 1296, 1297 (claim against employer regarding harassment by a non-employee would fall under worker's compensation unless the plaintiff could show that she was injured as the result of an intentional act by her employer).

claims against Davenport are not barred by the Louisiana Workers' Compensation Act. Accordingly, the Court denies the motion to the extent it seeks to dismiss Lynch's state law battery and harassment claims against Davenport.

Finally, Davenport contends that Lynch's employment discrimination claims fail.[75] Again, Lynch does not respond to this argument.[76] The law is clear in the Fifth Circuit—there is no individual liability for employees under Title VII of the Civil Rights Act of 1964 ("Title VII").[77] Likewise, the Age Discrimination in Employment Act of 1967 (the "ADEA") "'provides no basis for individual liability for supervisory employees.'"[78] To the extent Lynch brings claims under Title VII or the ADEA against Davenport individually, those claims fail as a matter of law.

## V. Conclusion

The law is clear—an employee can pursue an intentional tort claim against a co-worker. However, an employee cannot pursue an employment discrimination claim under Title VII or the ADEA against a co-worker. Accordingly,

---

[75] Rec. Doc. 28-1 at 3.

[76] Rec. Doc. 30.

[77] *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 247 (5th Cir. 2017) (quoting *Ackel v. Nat'l Commc'ns, Inc*., 339 F.3d 376, 381 n. 1 (5th Cir. 2003)) ("Individuals are not liable under Title VII in either their individual or official capacities.").

[78] *Id*. (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001); (*Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)).

**IT IS HEREBY ORDERED** that Defendant Stacie Davenport's "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim"[79] is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** to the extent it seeks dismissal of any Title VII and ADEA claims against Davenport individually. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this 28th day of December, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[79] Rec. Doc. 28.