**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BARBARA LYNCH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13200** |
| **FLUOR FEDERAL PETROLEUM OPERATIONS, LLC, et al.** | **SECTION: "G"** |

## ORDER AND REASONS

In this litigation, Plaintiff Barbara Lynch ("Lynch") alleges that she experienced harassment and discrimination while employed by Fluor Federal Petroleum Operations, LLC ("FFPO"), which Lynch alleges ultimately resulted in the wrongful termination of her employment on July 31, 2019.[1] Before the Court is FFPO's "Motion for Judgment on the Pleadings."[2] Lynch opposes the motion.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On October 18, 2019, Lynch filed a complaint in this Court naming as defendants FFPO, Lynch's co-worker Stacie Davenport ("Davenport"), and Scott Sclafani ("Sclafani") (collectively, "Defendants").[4] On October 26, 2019, Lynch filed an amended complaint (the "Amended

---

[1] Rec. Docs. 1, 6.

[2] Rec. Doc. 202.

[3] Rec. Doc. 207.

[4] Rec. Doc. 1.

1

Complaint") against Defendants.[5] In the Amended Complaint, Lynch alleges that she is a 49-year-old African American female who was employed by FFPO as a Procurement Contract Technician.[6] Lynch alleges that her employment was terminated on July 31, 2019, for violations of the FFPO Workplace Violence Prevention Procedure and Code of Business Conduct and Ethics ("Workplace Violence Policy").[7]

In the Amended Complaint, Lynch brings claims against FFPO for sexual harassment ("Count 1") and against Sclafani for battery ("Count 2").[8] Lynch alleges that "around her fifth week at work, Sclafani began to appear in her work area unnecessarily about 1-2 times/week."[9] Lynch asserts that Sclafani would attempt to engage in non-work related conversation, stand uncomfortably close to her, and sometimes touch her shoulder.[10] On February 21, 2019, Lynch alleges that Sclafani trapped Lynch in a co-worker's cubicle and forcibly massaged her shoulder.[11] Lynch asserts that Sclafani blocked the cubicle doorway by extending his arms across it, forcing her to duck under his arm to leave.[12] Lynch contends that FFPO "had notice of Sclafani's having previously sexually harassed two co-workers."[13]

---

[5] Rec. Doc. 6.

[6] *Id.* at 1.

[7] *Id.* at 2.

[8] *Id.* at 4–5.

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 4–5.

[13] *Id.* at 5.

Lynch also brings a claim against FFPO for race discrimination ("Count 3").[14] Lynch alleges that another co-worker, Angela Keller, displayed racial animus to Lynch by excluding Lynch from work functions, reducing her workload, and excluding her from performing certain work.[15] Lynch alleges that on December 6, 2018, Ms. Keller called Lynch a "n\*\*\*er."[16] Lynch also alleges that on July 22, 2019, Sclafani called her a "black b\*\*\*h."[17]

Further, Lynch brings claims against FFPO, Sclafani, and Davenport for "retaliatory harassment" and "age harassment" ("Count 4").[18] Lynch alleges that she was subjected to "retaliatory harassment" by her co-workers after making complaints to supervisors.[19] For example, Lynch claims that on February 22, 2019, she informed her supervisor, Jorge Perez ("Perez"), of Sclafani's conduct that had occurred the day before.[20] From this point forward, Lynch alleges that Sclafani, Davenport, and the rest of her work group began to treat Lynch differently.[21] Lynch alleges that when co-workers saw her "in the hallway they would grab the walls and press themselves against the walls."[22] According to the Amended Complaint, on March 14, 2019, Sclafani passed by Lynch's cubicle and warned Lynch, "You cannot hide from me. You better be

---

[14] *Id.* at 5–12.

[15] *Id.*

[16] *Id.* at 8.

[17] *Id.*

[18] *Id.* at 12–20.

[19] *Id.*

[20] *Id.* at 12.

[21] *Id.* at 13.

[22] *Id.* at 14.

scared of me. You can't run from me."[23] On March 16, 2019, Lynch claims she submitted a written complaint to Ginger Roques ("Roques"), a manager in Human Resources, about Sclafani and Davenport.[24] Lynch asserts that thereafter she was moved to a cubical further away from Sclafani.[25] Lynch alleges that on May 14, 2019, Perez told Lynch directly: "I think the group is not ready for someone who looks like you and me. I think that's why you are being mistreated."[26] Lynch claims that she again spoke to Roques about Sclafani and Davenport on May 20, 2019.[27]

Lynch also claims that she was subject to "age harassment."[28] Lynch asserts that on March 21, 2019, she "found a photograph of an old gray-haired lady on her desk."[29] Lynch alleges that a similar photograph was left in or near her cubicle on several occasions.[30] Additionally, Lynch alleges that she later found a soiled bandage on the floor in her cubicle.[31] Lynch states that she "interpreted this as a suggestion that she was unclean and a threat that she might be injured and need a bandage."[32]

---

[23] *Id.*

[24] *Id.*

[25] *Id.* at 15.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 17.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

Lynch alleges that she complained to her superiors at FFPO about the harassment by Sclafani and Davenport on several occasions.[33] According to the Amended Complaint, "[a]fter each complaint the known harassment by Sclafani and Ms. Davenport remained about the same, but the general office mistreatment would get worse."[34]

Lynch alleges that on July 30, 2019, she and Davenport got into a verbal altercation.[35] During the incident, Lynch alleges that "Davenport rushed back to [Lynch's] cubicle, pushed her twice on the chin, grabbed her by the neck and hair and threw [Lynch] on her left side to the floor where she proceeded to mash her face with the palm of her hand and to scratch at her face with her fingertips (which lacked nails)."[36] Lynch claims that she "continues to feel pain in some of those areas."[37] Lynch alleges that this conduct by Davenport constituted a battery ("Count 5").[38]

Lynch alleges that her employment was terminated on July 31, 2019, for violations of FFPO's Workplace Violence Policy.[39] Lynch contends that her termination was caused by FFPO's "failure to take effective remedial action against the retaliatory harassment which culminated in the attack by Ms. Davenport making the termination a product of the harassment and therefore wrongful."[40] Therefore, Lynch brings a claim against FFPO for "wrongful termination" ("Count

---

[33] *Id.* at 19.

[34] *Id.*

[35] *Id.* at 18–19.

[36] *Id.* at 19.

[37] *Id.*

[38] *Id.* at 19–20. The alleged battery is incorrectly labeled Count 4 in the Amended Complaint.

[39] *Id.* at 20.

[40] *Id.*

6").[41] In sum, Lynch's Complaint asserts the following claims against FFPO: (i) sexual harassment; (ii) race discrimination; (iii) age discrimination and retaliation; and (iv) wrongful termination.

In her opposition to FFPO's motion for partial summary judgment, Lynch asserted that she may also have a claim against FFPO for vicarious liability.[42] That opposition further stated that "the complaint admits of being pled under the state age discrimination law."[43]

On August 10, 2021, FFPO filed the instant motion for judgment on the pleadings seeking dismissal of any claims arising under Louisiana law, because FFPO asserts that Lynch raised these claims for the first time in opposition to the motion for partial summary judgment.[44] On August 17, 2021, Lynch filed an opposition brief.[45]

## II. Parties' Arguments

### A.   FFPO's Arguments in Support of the Motion

FFPO moves for judgment on the pleadings seeking dismissal of any claims Lynch now seeks to assert under Louisiana law.[46] FFPO argues that Lynch has not pled any state law claim against FFPO in the Complaint or Amended Complaint.[47] FFPO highlights that Lynch, for the first

---

[41] *Id.* The alleged wrongful termination is incorrectly labeled Count 5 in the Amended Complaint.

[42] Rec. Doc. 188 at 1–2.

[43] *Id.* at 1.

[44] Rec. Doc. 202.

[45] Rec. Doc. 207.

[46] Rec. Doc. 202-1 at 1.

[47] *Id.* at 2.

time, suggested in the opposition brief[48] to FFPO's motion for partial summary judgment,[49] that she may seek to bring a vicarious liability tort claim against FFPO.[50] However, FFPO argues that "no reasonable reading of any of Plaintiff Lynch's Complaints can be interpreted to have put FFPO on notice that Lynch is asserting vicarious liability in tort against FFPO."[51] FFPO further contends that Lynch has failed to assert such a claim in discovery.[52] Furthermore, FFPO argues that because the deadline for amending pleadings expired on March 4, 2021, Lynch can only now add such a claim by seeking leave of Court and showing good cause.[53] According to FFPO, Lynch will not be able to show good cause, as she "had every opportunity" to assert a vicarious liability claim prior to the expiration of the amendment deadline.[54]

FFPO further argues that although Lynch hinted in the opposition brief to FFPO's motion for partial summary judgment that she stated a claim under the Louisiana Employment Discrimination Law ("LEDL"), she has failed to do so.[55] FFPO contends that Lynch, in the Amended Complaint, "explicitly describes her claims for harassment, retaliation, and wrongful termination as 'federal' claims."[56] Further, FFPO highlights the jurisdictional statement included

---

[48] Rec. Doc. 188.

[49] Rec. Doc. 176.

[50] Rec. Doc. 202-1 at 3.

[51] *Id.*

[52] *Id.*

[53] *Id.* at 4.

[54] *Id.* at 4–5.

[55] *Id.* at 5.

[56] *Id.*

in the Amended Complaint, which invokes only the Court's jurisdiction pursuant to 28 U.S.C. § 1343, and the fact that Lynch sought supplemental jurisdiction solely for her tort claims separately brought against Sclafani and Davenport.[57]

## B.     *Lynch's Arguments in Opposition to the Motion*

In opposition, Lynch first urges the Court to "strike" the motion.[58] Next, Lynch argues that the instant motion is untimely.[59] Lynch contends that FFPO has filed this motion "so late that it will delay trial" as it will require additional discovery.[60]

Moreover, Lynch argues that FFPO "argues the wrong law."[61] Lynch contends that she is not required to use "magic words" in the pleadings in order to give FFPO fair notice of her state law claims.[62] Instead, Lynch argues that fair notice requires only that she "plead sufficient facts."[63] Furthermore, Lynch asserts that because FFPO has "argued the wrong law and ignored and not pressed the applicable law," she should not be required to address FFPO's argument regarding fair notice.[64]

---

[57] *Id.* at 6.

[58] Rec. Doc. 207 at 1.

[59] *Id.*

[60] *Id.*

[61] *Id.* at 2.

[62] *Id.* at 2–4.

[63] *Id.* at 3.

[64] *Id.* at 5.

### III. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[65] A motion under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[66] The motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[67] "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[68] In ruling on a 12(c) motion, "[p]leadings should be construed liberally," and judgment is appropriate "only if there are no disputed issues of fact and only questions of law remain."[69] The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," but need not "accept as true conclusory allegations or unwarranted deductions of fact."[70] The Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitled him to relief."[71]

---

[65] Fed. R. Civ. P 12(c).

[66] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd*., 914 F.2d 74, 76 (5th Cir. 1990)).

[67] *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[68] *Great Plains Trust Co.*, 313 F.3d at 312 (citing *Hughes v. Tobacco Inst., Inc*., 278 F.3d 417, 420 (5th Cir. 2001)) (alteration in original).

[69] *Id.* (quoting *Hughes*, 278 F.3d at 420).

[70] *Id*. at 312–13 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

[71] *Id.* at 312.

## IV. Analysis

FFPO moves the Court to dismiss any claims arising under Louisiana law, because FFPO asserts Lynch raised these claims for the first time in opposition to the motion for partial summary judgment.[72] In response to FFPO's Motion, Lynch raises three arguments: (1) Lynch asserts that FFPO's Motion should be stricken[73]; (2) Lynch argues that FFPO's Motion is untimely[74]; and (3) Lynch contends that FFPO's Motion should be denied because Lynch's pleadings need not allege legal theories.[75] The Court will address each argument in turn.

### A.     *Whether FFPO's Motion Should be Stricken*

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material."[76] The Fifth Circuit has instructed that courts should only do so "sparingly" when "the pleading to be stricken has no possible relation to the controversy."[77]

Lynch argues that the Court should strike FFPO's motion because it "regurgitates arguments it has already made."[78] The Court finds that the motion is "related to the controversy" and not unduly redundant. Therefore, the Court declines to strike FFPO's motion.

---

[72] Rec. Doc. 202–1.

[73] Rec. Doc. 207 at 1.

[74] *Id.*

[75] *Id.* at 2–6.

[76] Fed. R. Civ. P. 12(f).

[77] *U.S. v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (quoting *Augustus v. Bd. Of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).

[78] Rec. Doc. 207 at 1.

**B.      Whether FFPO's Motion is Untimely**

Rule 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."[79] "Pleadings are considered closed once a complaint and answer have been filed, unless a counterclaim, cross-claim, or third-party claim is interposed, in which case the filing of a reply, cross-claim answer, or third-party answer normally will mark the close of the pleadings."[80]

Lynch argues that the motion is untimely because "Mover's lament, even though non-particularized, that it will need more discovery suggests its motion comes so late that it will delay trial."[81] Lynch appears to rely on the statement in FFPO's motion that "allowing Plaintiff Lynch to assert a new claim now would . . . require significantly more discovery."[82]

However, the timing of the instant Motion is consistent with the deadlines set forth in the scheduling order. Trial is currently set for December 6, 2021,[83] and pretrial motions must be filed in sufficient time to permit the Court to hear them by October 20, 2021.[84] Therefore, the Court finds that the instant motion is timely.

---

[79] Fed. R. Civ. P. 12(c).

[80] *Colapissa Properties, L.L.C., v. Assurance Co. of America*, No. 06-8063, 2007 WL 2903245 at *2 (E.D. La. Oct. 2, 2007) (Africk, J.) (citing *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005)).

[81] Rec. Doc. 207 at 1.

[82] Rec Doc. 202-1 at 5.

[83] Rec. Doc. 163 at 5.

[84] *Id.* at 1.

11

### C.      *Whether FFPO's Motion Should be Denied on the Merits*

FFPO argues that Lynch has not pled a vicarious liability or LEDL claim.[85] In response, Lynch argues that she was not required to state these legal theories in her complaints because "fair notice" of a claim can be satisfied by "pleading sufficient facts."[86]

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[87] Once a pleading informs the defendant of "the factual basis for [the] complaint, [it is] required to do no more to stave off threshold dismissal for want of an adequate statement of [the] claim."[88] "[F]actual allegations alone may state a claim for relief—even without referencing the precise legal theory (or statute) upon which the plaintiff seeks relief."[89] Accordingly, "the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."[90] Therefore, the fact that the Complaint did not explicitly state it was bringing a claim for vicarious liability or a claim under the LEDL is not dispositive.[91] FFPO must demonstrate that the *factual allegations* in the

---

[85] Rec. Doc. 202-1 at 3–6.

[86] Rec. Doc. 207 at 2.

[87] Fed. R. Civ. P. 8(a)(2).

[88] *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014).

[89] *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 Fed. Appx. 848, 854 (5th Cir. 2018). *See also* 5 Wright & Miller, Federal Practice and Procedure § 1219, p. 277–78 (3d ed. 2004) ("The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief.").

[90] *Great Plains Trust Co.*, 313 F.3d at 313 (quoting *Jones*, 188 F.3d at 324).

[91] *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981) (explaining that "[e]ven if the complaint did not explicitly identify 'tortious interference with business' as the legal basis for recovery, if the facts alleged state a claim upon which relief can be granted for tortious interference, we would be compelled to reverse" the district court's grant of a motion to dismiss); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 435 (5th Cir.

Complaint, taken as true, fail to state a claim for vicarious liability or LEDL that is "plausible on its face."[92]

However, neither party has briefed this question. The thrust of FFPO's argument in the instant Motion is only that the Complaint fails to identify vicarious liability or the LEDL as legal theories.[93] The Motion does not address whether the Complaint's "factual allegations alone [] state a claim for relief." [94] Although Lynch correctly points out that a complaint need not state a legal theory and may instead state a claim by pleading sufficient factual allegations,[95] Lynch appears to argue that she is not required to address whether her Complaint stated sufficient factual allegations because FFPO has waived that argument by not making it in the Motion for Judgment on the Pleadings.[96]

The Court finds that the FFPO's motion must be denied. As discussed above, a Rule 12(c) motion is "subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[97] "[E]very circuit court to address the issue . . . has interpreted Rule 12(b)(6) as requiring the movant to show

---

2000) (finding that "[a]lthough [the complaint's] allegations did not specifically include the words 'malicious prosecution,' such a claim could conceivably come within those allegations, and those allegations state facts upon which relief can be granted").

[92] *Myspace*, 528 F.3d at 418 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[93] Rec. Doc. 202-1 at 3 (noting that the "[b]y their own language, Plaintiff Lynch's three Complaints explicitly assert a battery claim against" other defendants); *Id.* (noting that the "Complaints also expressly state they are asserting *federal* claims of harassment, retaliation, and wrongful termination against FFPO"); *Id.* at 5 (noting that the Complaint "explicitly describe[s] her claims for harassment, retaliation, and wrongful termination as 'federal claims'"); *Id.* at 6 (noting that the jurisdictional statement in the Complaint "seek[] only to invoke this Court's jurisdiction under 28 U.S.C. § 1343" "which says nothing about any state law claims").

[94] *Smith*, 735 Fed. Appx. at 8.

[95] Rec. Doc. 207 at 2–3.

[96] *Id.* at 5–6.

[97] *Myspace, Inc*., 528 F.3d at 418.

entitlement to dismissal."[98] FFPO has not carried this burden. The Motion makes no attempt to demonstrate that the factual allegations in the Complaint fail to state a claim under vicarious liability or the LEDL. Nor does the Motion discuss or even cite the applicable standards for stating a claim under either theory. Therefore, FFPO has not met its burden of showing that the Complaint fails to plead a claim for vicarious liability or a claim under the LEDL. Accordingly, FFPO's Motion for Judgment on the Pleadings must be denied.

## V. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that FFPO's "Motion for Judgment on the Pleadings"[99] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 23rd day of September, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[98] *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021); *See also* Wright & Miller, 5B Federal Practice and Procedure **§** 1357 (3d ed. 2019) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

[99] Rec. Doc. 202.