UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA LYNCH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13200** |
| **FLUOR FEDERAL PETROLEUM OPERATIONS, LLC** | **SECTION: "G"** |

## ORDER AND REASONS

Plaintiff Barbara Lynch ("Lynch") filed the instant lawsuit alleging that she experienced harassment and discrimination while employed by Fluor Federal Petroleum Operations, LLC ("FFPO"). Lynch alleges that the discrimination ultimately resulted in the wrongful termination of her employment on July 31, 2019.[1] Before the Court is Defendant Scott Sclafani's ("Sclafani") "Motion for Summary Judgment Dismissing Battery Claim of Plaintiff Barbara Lynch."[2] In the motion, Sclafani seeks dismissal of Lynch's claim that Sclafani committed a battery against her. On November 23, 2021, Lynch filed an opposition to the motion.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Docs. 1, 6.

[2] Rec. Doc. 246.

[3] Rec. Docs. 269, 271.

1

**I. Background**

On October 18, 2019, Lynch filed a complaint in this Court naming as defendants FFPO, Lynch's co-worker Stacie Davenport ("Davenport"), and Scott Sclafani ("Sclafani") (collectively, "Defendants").[4] On October 26, 2019, Lynch filed an amended complaint (the "Amended Complaint") against Defendants.[5] In the Amended Complaint, Lynch alleges that she is a 49-year-old African American female who was employed by FFPO as a Procurement Contract Technician.[6] Lynch alleges that her employment was terminated on July 31, 2019, for violations of the FFPO Workplace Violence Prevention Procedure and Code of Business Conduct and Ethics ("Workplace Violence Policy").[7]

As relevant here, the Amended Complaint asserts a claim for battery against Sclafani ("Count 2").[8] Lynch alleges that "around her fifth week at work, Sclafani began to appear in her work area unnecessarily about 1-2 times/week."[9] Lynch asserts that Sclafani would attempt to engage in non-work related conversation, stand uncomfortably close to her, and sometimes touch her shoulder.[10] On February 21, 2019, Lynch alleges that Sclafani trapped Lynch in a co-worker's

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 6.

[6] *Id.* at 1.

[7] *Id.* at 2.

[8] *Id.* at 4–5.

[9] *Id.* at 4.

[10] *Id.*

2

cubicle and forcibly massaged her shoulder.[11] Lynch asserts that Sclafani blocked the cubicle doorway by extending his arms across it, forcing her to duck under his arm to leave.[12]

On November 2, 2021, Sclafani filed the instant motion for partial summary judgment.[13] On November 23, 2021, Lynch filed an opposition to the instant motion.[14] On December 13, 2021, Sclafani filed a reply brief in further support of the motion.[15]

## II. Parties' Arguments

### A. *Sclafani's Arguments in Support of the Motion*

Sclafani argues that he is entitled to summary judgment on the battery claim because (1) damages are an essential element of a battery claim; (2) the undisputed evidence shows that Plaintiff suffered no bodily harm due to Sclafani's alleged conduct; and (3) Plaintiff has voluntarily dismissed any claim for emotional distress.[16]

Sclafani argues that damages are an essential element of battery. Sclafani contends that damages are "an essential element of a delictual cause of action," and that battery is such an

---

[11] *Id.*

[12] *Id.* at 4–5.

[13] Rec. Doc. 246.

[14] Rec. Docs. 269, 271. The submission date for the motion was December 1, 2021. Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date—November 23, 2021. However, on October 18, 2021, at Lynch's request, the Court granted a motion to modify the scheduling order which set a deadline of November 18, 2021 for oppositions to dispositive motions. Lynch filed her opposition on November 23, 2021. Although Lynch filed her opposition in accordance with the local rule, Lynch failed to file her opposition by the deadline in the scheduling order that Lynch herself requested. Because Lynch has failed to comply with the scheduling order, the Court may treat the motion as unopposed. However, as explained in the Court's December 17, 2021 Order, in the interest of fairness and because Lynch did file by the original deadline, the Court will nevertheless consider Lynch's untimely opposition.

[15] Rec. Doc. 287.

[16] Rec. Doc. 246 at 4.

3

action.[17] He contends that Plaintiff has admitted that she suffered no bodily injury.[18] Sclafani points to Lynch's deposition, where, when asked if Lynch suffered an injury, Lynch responded that "[j]ust my shoulder was slightly swollen and red, reddish colored and sore."[19] Sclafani further highlights the deposition testimony of a witness who stated that it did not appear that Sclafani was trying to hurt Lynch, that Lynch did not respond to the touching in a way that suggested she was injured, and that Lynch never told that witness that she was injured.[20] Based on this evidence, Sclafani contends that "it is undisputed that Plaintiff suffered no physical impairment, had no medical expenses, did not seek or obtain medical support after the incident," and was not "deprived of the opportunity or ability to work after the incident."[21] In addition, Sclafani argues that Lynch has no evidence that he had any intent to cause her harm. Thus, because Lynch has not shown that "Sclafani caused or intended to cause harmful or offensive contact," Sclafani contends he is entitled to summary judgment on the battery claim.[22]

In addition, Sclafani argues that he is entitled to summary judgment because Lynch has voluntarily dismissed all claims for emotional distress damages.[23] Sclafani points to the parties' October 12, 2020 joint motion for partial dismissal of claims for damages for emotional distress,[24]

---

[17] *Id.*

[18] *Id.* at 5.

[19] *Id.* at 6.

[20] *Id.*

[21] *Id.* at 7.

[22] *Id.*

[23] *Id.*

[24] Rec. Doc. 93.

4

as well as this Court's grant of that motion on October 13, 2020.[25] Sclafani argues that because Lynch did not suffer physical harm and has voluntarily dismissed all claims for emotional injuries, Sclafani is entitled to summary judgment on Lynch's battery claim.[26]

Lastly, Sclafani argues that Lynch's battery claim is barred by the Louisiana Workers' Compensation Act ("LWCA").[27] Sclafani argues that the LWCA displaces all other rights and remedies against the injured employee's coworkers if the claim is not based on an intentional act.[28] Sclafani contends that his conduct does not constitute "an intentional act as a matter of law because it was not intended to cause harm."[29] Accordingly, Sclafani urges that the LWCA bars Lynch's battery claim.

## B. *Lynch's Arguments in Opposition to the Motion*

In opposition, Lynch argues that she has presented evidence that she suffered bodily harm.[30] Lynch points to her deposition testimony, in which she stated that her shoulder was "slightly swollen and red, reddish colored and sore."[31] Lynch asserts that, assuming bodily injury is necessary for a battery, this testimony is sufficient.[32]

---

[25] Rec. Doc. 94.

[26] Rec. Doc 246–1 at 8.

[27] *Id.*

[28] *Id.* at 8–9.

[29] *Id.* at 9.

[30] Rec. Doc. 271 at 1.

[31] *Id.*

[32] *Id.*

Lynch further argues that her testimony describes "an offensive touching which with the requisite intent constitutes a battery."[33] Lynch contends that there is a "clear inference" that Sclafani intended harmful or offensive contact because, when Lynch tried to leave the cubicle, Sclafani was "intent on either stopping her or making her pay for her exit by inflicting some pain on her as she left."[34] Lynch further contends that her testimony that Sclafani "dug in" to her shoulder also supports that Sclafani had the requisite intent.[35]

Next, Lynch contends that the dismissal of her claim for emotional distress did not "dismiss all mental claims."[36] Lynch points out that the "prayer for relief seeks all legal and equitable relief,"[37] and argues that the pleadings should "be construed so as to do justice."[38] Thus, Lynch contends that Plaintiff is "still entitled to show that she suffers mental anguish, loss of enjoyment of life … [and] a severe fear of males of Sclafani's appearance."[39]

Lastly, Lynch argues that the LWCA is "no bar" to her battery claim. She contends that the case Sclafani cites is inapplicable because in that case, "the worker reached for his co-employee's

---

[33] *Id.*

[34] *Id.* at 3.

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.* at 3–4.

tool, not his arm (or shoulder), and without any intent to cause a harmful or offensive touching."[40]

According to Lynch, because "[h]ere, there is such intent," the "LWCA is no bar."[41]

C.  *Sclafani's Arguments in Further Support of the Motion*

In reply, Sclafani contends that Lynch has not offered any evidence to show that she suffered "recoverable damages" against him.[42] Sclafani contends that there are two categories of damages under Louisiana law—special damages and general damages.[43] Special damages, Sclafani argues, are damages for medical expenses that must be "specially pled or can be determined with relative certainty."[44] Sclafani asserts that general damages, on the other hand, are damages for "inherently speculative" injuries like physical and emotional pain and suffering.[45] Sclafani further argues that Lynch has the burden of proving she suffered the damages due to his conduct.[46]

Sclafani argues that Lynch can recover neither type of damages. Sclafani contends that Lynch cannot recover special damages because it is "undisputed that she incurred no medical (or other) expenses as a result of [his] hand on her shoulder."[47] As for general damages, Sclafani contends that Lynch has not shown that the shoulder touching caused her physical pain and

---

[40] *Id.* at 4.

[41] *Id.*

[42] Rec. Doc. 287.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.* at 2.

suffering.[48] Sclafani points out that Lynch testified that she returned to work within minutes of the incident, that she never complained to anyone that she was hurt, and that she did not appear injured.[49] Sclafani also highlights that in Lynch's many statements about the incident, she complained only that the touching affected her mental health, and said nothing about physical injury.[50] As to Lynch's deposition testimony that her shoulder was "slightly swollen and red, reddish colored and sore," Sclafani argues that the "overwhelming record evidence contradicts Lynch's post-hoc, unsubstantiated, self-serving assertion that she suffered a physical injury."[51] Sclafani contends that Lynch's summary judgment burden is not satisfied with "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence."[52]

Next, Sclafani re-asserts that Lynch cannot recover damages based on the incident's effect on her mental health because she has voluntarily dismissed her claims for emotional distress.[53] Sclafani contends that the Fifth Circuit makes no distinction between damages for "emotional" and "mental" anguish.[54] Thus, Sclafani contends that Lynch cannot recover for these injuries.

Sclafani further re-urges that the LWCA bars Lynch's claims. Sclafani contends that the "intentional act" exception does not apply because Lynch has offered "no evidence that Sclafani

---

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.* at 2–3.

[54] *Id.*

intended to 'inflict a harmful or offensive' contact."[55] Sclafani points out that a witness to the incident testimony stated that it looked as though Sclafani touched Lynch's shoulder to signal to her that she did not have to leave when he began speaking to another employee.[56] Sclafani contends that other than Lynch's "self-serving speculation that Sclafani's action was 'predatory,'" Lynch has offered no evidence that he intended the touching to be harmful or offensive.[57] Thus, Sclafani contends that the LWCA bars Lynch's claim because the "intentional act" exception does not apply.

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[58] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[59] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[60] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then

---

[55] *Id.* at 3.

[56] *Id.* at 3.

[57] *Id.* at 5.

[58] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[59] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[60] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[61] The nonmoving party may not rest upon the pleadings.[62] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[63]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[64] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[65] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[66] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[67]

---

[61] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[62] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[63] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[64] *Celotex*, 477 U.S. at 323.

[65] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[66] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[67] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[68] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[69] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[70]

## IV. Analysis

Under Louisiana law, a battery is "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact."[71] "The intention need not be malicious nor need it be an intention to inflict actual damage. It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent."[72] A defendant is liable "not only for contacts that do actual physical harm, but also for those relatively trivial ones which are merely offensive and insulting."[73] Furthermore, "[t]he intent with which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm. Rather it is an intent to bring about a result which will invade the interests of another in a way that the law forbids."[74] Thus, a defendant may be liable even when "intending nothing more than a good-natured practical

---

[68] *Little*, 37 F.3d at 1075 (internal citations omitted).

[69] *Morris*, 144 F.3d at 380.

[70] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

[71] *Caudle v. Betts*, 87-446 (La. 9/9/1987); 512 So. 2d 389, 391.

[72] *Id.*

[73] *Id.*

[74] *Id.* (internal citation omitted).

11

joke, or honestly believing that the act would not injure the plaintiff, or even though seeking the plaintiff's own good."[75] A defendant's liability for harm extends "to consequences which the defendant did not intend, and could not reasonably have foreseen, upon the obvious basis that it is better for unexpected losses to fall upon the intentional wrongdoer than upon the innocent victim."[76]

Sclafani argues that he is entitled to summary judgment on Lynch's battery claim because Lynch "has no evidence that Sclafani had any intent to cause harm to her."[77] Plaintiff responds that "there is a clear inference that Sclafani intended harmful or offensive contact."[78] She asserts that "Sclafani was intent on either stopping her or making her pay for her exit by inflicting some pain on her as she left."[79] She also contends that the fact that Sclafani "dug in" on her shoulder supports the requisite intent.[80]

As discussed, battery under Louisiana law does not require that the tortfeasor intended to *harm* the plaintiff.[81] Instead, it is sufficient if the tortfeasor "intends to inflict …[an] offensive contact without the other's consent."[82] Sclafani does not appear to dispute that he intended to make contact with Lynch when he grabbed her shoulder without consent. Rather, he argues that there is

---

[75] *Id.* (citing Prosser & Keeton, *The Law of Torts*, § 9 (5th ed. 1984)).

[76] *Id.* at 392.

[77] Rec. Doc. 246–1 at 7.

[78] Rec. Doc. 271 at 3.

[79] *Id.*

[80] *Id.*

[81] *Caudle*, 512 So. 2d at 391.

[82] *Id.*

12

no evidence that he had "any intent to *cause harm* to her."[83] Whether or not Lynch has presented evidence to show that Sclafani intended to cause harm, however, is not determinative, as an intent to cause harm is not required under Louisiana law. Therefore, Sclafani is not entitled to summary judgment on this basis.

In addition, Sclafani contends that he is entitled to summary judgment because Lynch "did not suffer any physical impairment."[84] He further argues that Lynch "had no medical expenses, did not seek or obtain medical support after the incident, nor was she deprived of the opportunity or ability to work after the incident."[85] In response, Lynch points to her deposition testimony that her shoulder was "slightly swollen and red, reddish colored and sore."[86]

On a motion for summary judgment, the moving party must show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[87] The burden then shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[88] Lynch's deposition testimony that her shoulder was "slightly swollen and red, reddish colored and sore" plainly contradicts Sclafani's contention that Lynch did not suffer any physical harm. Sclafani's motion notes this testimony, but then either overlooks or discounts it in arguing that Lynch has not

---

[83] Rec. Doc. 246–1 at 7.

[84] *Id.*

[85] *Id.*

[86] Rec. Doc. 271 at 1.

[87] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[88] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

offered evidence of injury.[89] However, the severity of Lynch's injury or the amount of damages she may be entitled to for these injuries is irrelevant to whether a battery occurred. On a motion for summary judgment, the Court cannot "mak[e] credibility determinations or weigh[] the evidence."[90] Accordingly, because Lynch has offered evidence that Sclafani intentionally caused an offensive contact that caused her some physical injury, Sclafani is not entitled to summary judgment on this basis.

Sclafani relies on the Louisiana First Circuit's statement in *Robinson v. Dunn*[91] that "[n]ot every intentional, nonconsensual contact is a battery. To qualify as a battery, the contact must be the result of an intent to bring about a result which will invade the interests of another in a way that the law forbids."[92] However, Sclafani misunderstands that decision. In that case, the plaintiff asserted a battery claim against the defendants after they physically removed the plaintiff from a church.[93] The trial court ruled that no battery occurred because the plaintiff had no right to be present at the church and his unauthorized entry was a trespass.[94]

The Louisiana First Circuit Court of Appeal affirmed. The appellate court noted that "in actions for damages for battery, a plaintiff cannot recover if the evidence establishes he was at fault in provoking the difficulty in which he is injured, unless the person responding uses excessive

---

[89] Rec. Doc. 246–1 at 6.

[90] *Delta & Pine Land Co.*, 530 F.3d at 398–99.

[91] 96-0341 (La. App. 1 Cir. 1/31/97); 683 So. 2d 894.

[92] *Id.* at 899.

[93] *Id.* at 896.

[94] *Id.*

14

force."[95] Because the defendants had "a legal right to see that [the plaintiff] left the church" and "[t]heir contact with him was a reasonable means of accomplishing that intention," no battery occurred.[96] In other words, the defendants' conduct did not constitute a battery *not* merely because they didn't intend to cause harm, but because they used "reasonable force … against one who has provoked an incident."[97] Thus, although it is true that "not every intentional, nonconsensual contact is a battery," that is because some such contacts are otherwise justified, and thus do not "invade the interests of another in a way that the law forbids."[98]

Here, of course, Sclafani does not present any evidence or even allege that he grabbed Lynch's shoulder in justifiable response to some provocation from Lynch. Thus, *Robinson* is inapplicable to the instant motion. Because Sclafani does not dispute that he grabbed Lynch's shoulder without her consent, and Lynch has come forward with evidence that she suffered some injury from that contact, Sclafani is not entitled to summary judgment on this basis.

Next, Sclafani argues that he is entitled to summary judgment because Lynch's claim is barred by the Louisiana Workers' Compensation Act ("LWCA"). The LWCA provides for compensation where "an employee receives personal injury by accident arising out of and in the course of [her] employment."[99] Generally, compensation under the LWCA is "exclusive of all rights and remedies against [the] employer, any officer or principal of the employer, or any co-

---

[95] *Id.* at 897.

[96] *Id.* at 899.

[97] *Id.* at 899.

[98] *Id. See also Caudle*, 512 So. 2d at 391.

[99] *Caudle*, 512 So. 2d at 390.

15

employee."[100] However, there is an exception to this rule of exclusivity where the "suit is based on an intentional act."[101] Furthermore, "the words 'intentional act'" in the LWCA "mean the same as 'intentional tort.'"[102] As a result, the "exclusive remedy rule is inapplicable to intentional torts."[103] Because battery is an intentional tort, the LWCA does not bar Lynch's claim.

Sclafani's argument that the LWCA bars the claim is merely a restatement of his argument that he did not intend to harm Lynch. He argues that the only witness to the event "confirmed that it did not appear to her that Sclafani was attempting to harm [Lynch]," and that his conduct "does not constitute an intentional act as a matter of law because it was not intended to cause harm."[104] Sclafani cites a case from the Louisiana Fifth Circuit Court of Appeal in support of his argument that Lynch's sole remedy is under the LWCA.[105] In that case, the plaintiff was injured when the defendant intentionally grabbed a wrench out of the plaintiff's hand. The court found that because "there [was] no evidence to suggest … that [the defendant] actually intended to injure [the plaintiff]," and a "reasonable man would not have believed that grabbing a tool out of someone's hand would be substantially certain to cause injury," the act was not intentional and the plaintiff's sole remedy was under the LWCA.[106]

That decision, however, is inconsistent with a host of Louisiana Supreme Court and Court

---

[100] *Id.*

[101] *Monsanto*, 585 So. 2d at 1208.

[102] *Id.*

[103] *Id.*

[104] Rec. Doc. 246–1 at 9.

[105] *Guarino v. Kaiser Aluminum & Chemical*, 97-926 (La. App. 5 Cir. 5/13/98); 712 So. 2d 989.

[106] *Id.* at 992.

16

of Appeals cases which hold that intent to harm is not required.[107] In *Allen v Payne & Keller Co., Inc.*, for example, the Louisiana First Circuit Court of Appeal reversed a jury's finding that the defendant did not commit a battery.[108] In that case, the defendant bumped the plaintiff "with his knee in the buttocks as [the plaintiff] was bending over," which caused the plaintiff to fall forward and hit his head.[109] Citing *Caudle*, the court reversed the jury's verdict because the defendant "intended the contact. Although he may not have had malicious intent, the contact did occur, irrespective of [the defendant's] playful nature. Furthermore … it is evident that [the plaintiff] did not consent to the contact."[110] Similarly, in *Craft v. Wal-Mart Stores, Inc.*, the Louisiana Third Circuit Court of Appeal held that the trial court erred in granting summary judgment for the defendant on the plaintiff's battery claim where the defendant "intentionally pushed [the plaintiff] because she was blocking the doorway."[111] As did *Caudle* itself, these cases demonstrate that a defendant need not intend to cause harm in order to commit a battery. Because Lynch's claim against Sclafani arises from an intentional tort, therefore, it is not barred by the LWCA.

---

[107] *See, e.g.*, *Caudle*, 512 So. 2d at 391 ("It is sufficient if the actors intends to inflict either a harmful or offensive contact without the other's consent."); *Cole v. State Department of Public Safety and Corrections*, 01-2123 (La. 9/4/02); 825 So. 2d 1134, 1142 ("[A]lthough the officer(s) who struck [the plaintiff] with the unpadded batons may not have had malice nor intended to inflict the actual damages Cole suffered, the striking with the batons was indeed an intentional act."); *Akers v. Clumns Hotel, Inc.*, 16-870 (La. App. 4 Cir. 5/10/17); 220 So. 3d 138, 144 ("It is not necessary that any actual damage be intended.").

[108] *Allen v. Payne & Keller Co., Inc.*, 96-2326 (La. App. 1 Cir. 4/8/98); 710 So. 2d 1138.

[109] *Id.* at 1139.

[110] *Id.* at 1141.

[111] *Craft v. Wal-Mart Stores, Inc.*, 03-356 (La. App. 3 Cir. 10/1/03); 856 So.2d 214, 218.

## V. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Sclafani's "Motion for Summary Judgment Dismissing Battery Claim of Plaintiff Barbara Lynch"[112] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 27th day of December, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[112] Rec. Doc. 246.